IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

In Re: PEARL RIVER COUNTY HOSPITAL

Cause No. 2012-0277H

## MOTION TO TRANSFER VENUE FOR PURPOSES OF TRIAL

COMES NOW, Piercon, Inc., pursuant to Miss. Code Ann. §11-11-51 and Requests that civil action 2013-203M be transferred to another county for purposes of trial. In support of this request, Piercon would show this Honorable Court as follows:

### I.   INTRODUCTION

1.   Pearl River County Hospital seeks to recover an unspecified amount of damages (but not less than $3 million) from various defendants. PRCH's claims consist of a laundry list of criminal or near-criminal allegations, including allegations of destruction of evidence and a vast conspiracy to 'take over the hospital' and to commit Medicare fraud.

2.   No defendant in cause no. 2013-203M is a resident of Pearl River County. However, PRCH is alleged to be a "community hospital as defined by Miss. Code Ann. § 41-13-10 and as such is operated by a Board of Trustees ("Board") which is appointed by the Pearl River County Board of Supervisors ("Supervisors"). (First Amended Complaint, ¶14). PRCH is looking at a strong home-field advantage.

3.   Under Miss. Code Ann. § 11-11-51, venue must be transferred from Pearl River County because Piercon cannot receive a fair and impartial jury trial in Pearl River County. "Judicial efficiency and economy would be better served by a change of

461465

1

EXHIBIT

7

venue prior to trial, than by trial, reversal and retrial. Justice would be better served by a fair trial initially." *Johnson v. State*, 476 So. 2d 1195, 1215 (Miss. 1985)

4.     The citizens of Pearl River County which will make up the venire of the jury for this case cannot provide PierCon with a fair and impartial trial because PRCH's action is a derivative action brought on behalf of the citizens of Pearl River County.   PRCH hospital is owned by the County, whose board of supervisors allocate the limited taxpayer funds of the county for the benefit of their citizens.  In deciding PRCH's claims, the jurors will certainly be inclined to rule in favor of the PRCH because that would benefit those same veniremen.  This prejudice is exacerbated by the absence of any Pearl River County defendants.[1]  Further, PierCon only recently learned that the hospital believes that it may not continue to function unless it wins this lawsuit, making the outcome a matter of "life and death" for PRCH.

## II.    LAW AND ARGUMENT

### A. STANDARD OF REVIEW

5.     "An Application for Change of Venue is addressed to the discretion of the trial judge, and the ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances." *Medical Assur. Co. of Mississippi v. Myers*, 956 So.2d 213, 217 (Miss. 2007), *quoting, Guice v. Miss. Life Ins. Co.*, 836 So.2d 756, 758 (Miss. 2003); *see also, Phillips 66 v. Lofton*, 94 So.3d 1051 (Miss. 2012)(The decision to deny or grant a motion for a change of venue lies within

---

[1] Only recently, the Court stayed proceedings against Pearl River County resident Collette Oldmixon.

461465

the discretion of the trial court, and the appellate court will not overturn that decision

unless the trial court abuses its discretion.)

6.      A litigant's inviolate right to a fair trial is codified in Miss. Code Ann. §11-

11-51. *See*, *Miss. State Highway Comm'n v. Rogers*, 128 So.2d 353, 358 (Miss. 1961).

"[W]henever conditions arise which, by virtue of this statute, authorize a change of

venue, the court may, and in the interest of justice, should grant a change [of venue].

*Id*. Specifically, Miss. Code Ann. §11-11-51 provides that:

> When either party to any civil action in the circuit court shall desire
> to change the venue, he shall present to the court, or the judge of
> the district, a petition setting forth under oath that he has good
> reason to believe, and does believe that, *from the undue influence of*
> *the adverse party, prejudice existing in the public mind, or for some*
> *other sufficient cause* to be stated in the petition, he cannot obtain a
> fair and impartial trial in the county where the action is pending,
> and that the application is made as soon as convenient after being
> advised of such undue influence, prejudice, or other cause, and not
> to delay the trial or to vex or harass the adverse party. On
> reasonable notice in writing to the adverse party of the time and
> place of making the application, if made in vacation, the court, if in
> term time, or the judge in vacation, shall hear the parties and
> examine the evidence which either may adduce, and may award a
> change of venue to some convenient county where an impartial trial
> may be had, and, if practicable, in which the circuit court may next
> be held. If made in vacation, the order shall be indorsed on the
> petition and directed to the clerk, who shall file the same with the
> papers in the suit.

Miss. Code Ann. §11-11-51 (emphasis added).

### B. TRANSFER OF VENUE IS WARRANTED DUE TO PLAINTIFF'S UNDUE ECONOMICAL, POLITICAL, AND SOCIAL INFLUENCE IN PEARL RIVER COUNTY

7.      Transfer of venue is warranted in this matter pursuant to Miss. Code

Ann. §11-11-51 because: (1) the Plaintiff (and its trustee members, officers, employees

and affiliates) are arguably the most prominent and influential members in nearly

every aspect of Pearl River County life, and thus will have undue influence over potential jurors; (2) a Pearl River County jury will believe their local community has a strong financial and social interest in awarding Plaintiffs damages, since the Plaintiff and the individuals and entities affiliated with it are among the largest employers in Pearl River County in contrast, no Defendant anticipated to participate in the trial of the claims in 2013-203M is a resident of Pearl River County and (3) there has been substantial publicity regarding this matter.

8.     The Mississippi Supreme Court has set forth the circumstances which a trial court must consider when determining whether to change venue. These considerations include, among other things, whether or not the suit involves members of prominent and influential families or public officials. *Jansen Pharmaceuticals, Inc. v. Bailey*, 878 So.2d 31, 50-53 (Miss 2004). The members of the Pearl River County Supervisors and the Pearl River County Hospital Board of Trustees are undoubtedly from some of the most influential families in the county. Furthermore, it is the County's money that is at stake. PRCH will argue at trial that non-local, non-resident businesses and individuals should pay money over to Pearl River County. As taxpayers and residents of the county, the jurors will be strongly inclined to root for the home team.

9.     The outcome of this litigation could certainly have a substantial social and economic impacts on not just Pearl River County Hospital, but on the community as a whole. It is anticipated that PRCH will deem this lawsuit to be existential . . . i.e., if it doesn't win, the citizens of Pearl River County may no longer have a hospital to visit in Poplarville. PRCH's administrator Steve Vaughn confirmed such in his deposition.

(*See*, Exhibit "1", Vaughn Depo at 272) ("So it has adversely affected the hospital's abilities to survive and work.")  Vaughn testified that there is a risk the hospital will cease to function if PRCH doesn't get all of the damages it seeks in its lawsuit. (Exhibit "1" Vaughn Depo at 524).

Thus, it does not require much imagination to envision how a Pearl River County jury may feel undue influence or pressure to award damages to PRCH and help support and keep operational one of the area's largest employers. As such, a Pearl River County jury will have a financial interest and societal propensity to find in favor of a local hospital, which creates bias that deprives Piercon of its right to a fair and impartial trial.

Further, Pearl River County operates an emergency room.  There is the implication that Pearl River County residents could be denied life saving medical care in the event the only hospital in Poplarville is closed or is perceived to be substantially harmed by those parties that have been sued by PRCH.

10.    This case has already received pre-trial publicity in the Pearl River County Press. (Exhibit "2" news articles regarding lawsuit). Notably, of these articles none mention the claims of Piercon against PRCH. Further, the press has covered significant employee layoffs at PRCH, with current administrator Vaughn referencing Medicare reimbursement as the cause. (Exhibit "3"; article regarding PRCH's layoffs of 19 employees).

11.    Because Defendants will not be able to select from a proper venire panel or obtain a fair jury trial in Pearl River County, it is requested that the trial of this matter be heard by a jury consisting of non-Pearl River County residents.

Accordingly, the Defendants would request that this Court exercise its inherent discretion to bring in a venire from another county or to transfer this case to a venue where the Defendants may have a trial before an untainted and impartial jury.

12.     The Mississippi Supreme Court "has previously recognized the ineffectiveness of voir dire in detecting juror bias created by pre-trial publicity. Since jurors are aware that they are supposed to be impartial, they are unlikely to reveal any bias, even if they recognize it in themselves." *Beech v. Leaf River Forest Prods., Inc.* 691 So.2d 446, 450 (Miss.1997) (citing Fisher v. State, 481 So.2d 203, 220-21 (Miss.1985)). Thus, arguments that voir dire can cure prejudice should be rejected.

13.     Piercon, by and through its attorneys, set forth under oath that it has good reason to believe, and does believe, that Piercon cannot obtain a fair and impartial trial in Pearl River County as to the claims made by PRCH against Piercon in cause no. 2013-203M, and that this request for transfer and is not being made to delay the trial or vex or harass PRCH or the other parties to this matter. *See*, Ex. "4", Verification Attorney Joseph R. Tullos.)

## C. CHANGE OF VENUE TO FORREST COUNTY IS APPROPRIATE

14.     Section 11-11-51 provides that the trial court may "award a change of venue to some convenient county where an impartial trial may be had, and, if practical, in which the circuit court may next be held." Miss. Code Ann. § 11-11-51.   The Mississippi Supreme Court has interpreted the "convenient county" language in this statute to mean that the trial court "must always" transfer the case to a county where the case could have been properly commenced under Miss. Code Ann. §11-11-(3)(1). *See, Namihira v. Bailey*, 891 So.2d 831, 832-33 (Miss. 2005). Based upon the

6

allegations in the Complaint, the only counties where venue is proper under Miss. Code Ann. §11-11-3 are Lamar, Forrest or Pearl River County, since Hope Thomley and Wade Walter reside in Lamar County and Performance Accounts Receiveable, LLC and Performance Capital Leasing, LLC principal places of business are located in Lamar County.   Piercon's principal place of business is Lamar County.   Mike Boleware is alleged by PRCH to be a resident of Forrest County, Mississippi, making it a proper venue under Miss. Code Ann. §11-11-3. All other Defendants named in Cause No. 2013-203M are believed to reside outside of Mississippi.

15.   The Mississippi Supreme Court has explained that "the trial be had in as dispassionate as environment as possible" and that "judicial efficiency and economy would be better served by a change of venue prior to trial, than by trial, reversal and retrial." *Janseen Pharm.*, 878 So.2d *at* 53 (*quoting*, *Johnson v. State*, 476 So.2d 1195, 1215 (Miss. 1985)).   "The purpose of changing venue is to ensure a fair venire for all parties free from bias, prejudice and passion." *Id.* The Mississippi Supreme Court has further explained that ensuring a fair venue is often not accomplished, "by moving venue to a county immediately next door to the original county of venue." *Id.* at 31. Lamar County is next to Pearl River County and is also the home county for Piercon among other Defendants.   Forrest County is likely a more appropriate venue where jurors would be less likely to have prejudice or knowledge about the parties to this case. Accordingly, Forrest County is a proper venue pursuant to Miss. Code Ann. § 11-11-3 where all parties can be assured that a impartial jury, free of influence or bias, may fairly serve as finder of fact.

461465

### III.   CONCLUSION

16.   Piercon respectfully requests that the Court transfer this civil action pursuant to Miss. Code Ann. § 11-11-3, § 11-11-51 to the Circuit Court of Forrest County, Mississippi for purposes of trial. Piercon will be unable to obtain a fair and impartial trial in Pearl River County due to the economic, political and social influence of Pearl River County Hospital and the individuals and entities affiliated with it. Forrest County, the County of Mike Boleware's residence and a proper county for venue purposes as prescribed by Miss Code Ann. § 11-11-3, is thus a proper venue in which this civil action can proceed for purposes of trial.  Piercon would further pray for any other relief, general or specific, which the Court may deem proper.

THIS the 11th day of May, 2015.

Respectfully submitted,

PEIRCON, INC., Defendant

Joseph R. Tullos, MSB #102664
Rick D. Norton, MSB #8741

Of Counsel:

Rick D. Norton, Esq.
Joseph R. Tullos, Esq.
BRYAN NELSON P.A.
109 Fairfield Drive, 39402
Post Office Drawer 18109
Hattiesburg, Mississippi 39404-8109
Telephone:   (601)261-4100
Facsimile:   (601)261-4106
E-Mail:      jtullos@bnlawfirm.com

8

461465

## CERTIFICATE OF SERVICE

I, undersigned counsel for Defendant, PierCon, Inc., do hereby certify that I have this day served the above and foregoing pleading, via U.S. Postal Service, postage prepaid and/or electronic mail, to the following:

| | |
|---|---|
| Thomas L. Kirkland, Jr., Esq.<br>Allison C. Simpson, Esq.<br>Andy Lowery, Esq.<br>COPELAND COOK TAYLOR & BUSH P.A.<br>Post Office Box 6020<br>Ridgeland, Mississippi 39158<br>ATTORNEYS FOR PEARL RIVER COUNTY HOSPITAL | Robin L. Roberts, Esq.<br>ROBERTS & ASSOCIATES<br>Post Office Box 1953<br>Hattiesburg, Mississippi 39403-1953<br><br><br>ATTORNEYS FOR DENNIS L. PIERCE |
| William M. Quinn, II, Esq.<br>William B. Bardwell, Esq.<br>Zachary M. Bonner, Esq.<br>MCRANEY MONTAGNET QUIN & NOBLE<br>602 Steed Road, Suite 200<br>Ridgeland, Mississippi 39157<br>ATTORNEYS FOR KINGSBRIDGE HOLDINGS | Carol Ann Estes Bustin, Esq.<br>BUSTIN LAW FIRM – HATTIESBURG<br>32 Office Park Drive<br>Hattiesburg, Mississippi 39402<br><br>ATTORNEY FOR HOPE THOMLEY |
| Dorsey R. Carson, Jr. Esq.<br>CARSON LAW GROUP PLLC<br>Capital Towers Suite 1336<br>125 South Congress Street<br>Jackson, Mississippi 39201<br>ATTORNEYS FOR PROJX | Matthew J. DeVries, Esq.<br>BURR & FOREMAN, LLP<br>3102 West End Avenue, Suite 700<br>Nashville, Tennessee 37203<br><br>ATTORNEYS FOR PROJX |
| Dewitt L. Fortenberry, Jr., Esq.<br>Ashley C. Tullos, Esq.<br>BAKER DONELSON<br>Post Office Box 14167<br>Jackson, Mississippi 39236<br>ATTORNEYS FOR STEPPING STONES HEALTHCARE & CLAYTON VERNON DEARDORFF | J. Tucker Mitchell, Esq.<br>Stephen D. Stamboulieh, Esq.<br>MITCHELL DAY LAW FIRM PLLC<br>618 Crescent Boulevard, Suite 203<br>Ridgeland, Mississippi 39157<br><br>ATTORNEYS FOR WELLNESS, INC. |
| Lane B. Reed, Esq.<br>Mary Kathryn Williamson, Esq.<br>MCGEHEE MCGEHEE & TORREY<br>Post Office Box 188<br>Meadville, Mississippi 39653-0188<br>ATTORNEYS FOR MIKE BOLEWARE | Donald C. Dornan, Esq.<br>Lauren R. Hillery, Esq.<br>DORNAN LAW OFFICE PLLC<br>Post Office Box 117<br>Gulfport, Mississippi 39502-0117<br>ATTORNEYS FOR COLETTE OLDMIXON |
| Steve C. Thornton, Esq.<br>THORNTON LAW OFFICE<br>Post Office Box 16465<br>Jackson, Mississippi 39236<br>ATTORNEYS FOR WADE WALTERS, PERFORMANCE CAPITAL LEASING, LLC & PERFORMANCE ACCOUNTS RECEIVABLE, LLC | SO CERTIFIED on this, the 11th day of May, 2015.<br><br><br>OF COUNSEL |

461465

1    A    I see that, yes.

2    Q    Did I read that correctly?

3    A    Yes, I see that.

4    Q    What actions are you referring -- what

5    actions are referred to in this Paragraph 82?

6         MR. KIRKLAND:  Are you asking in

7         addition to what he's already said?  I think

8         he's talked about this throughout the main

9         allegations which are incorporated by

10         reference.  Seems like he's gone through all

11         this, so I don't want him to start over.

12         Did you want him to start over again?

13         MR. THORNTON:  Thank you.

14   BY MR. THORNTON:

15   Q    Do you understand I'm asking you for

16   anything additional that you have that you

17   haven't already testified to?

18   A    Additional that I have that I haven't

19   already testified to?

20   Q    Yeah.

21   A    Not that I've found out so far.

22   Q    How has the actions that you've

23   testified to so far de- -- how did they defraud

24   the hospital?

25   A    Because it caused the hospital to have

EXHIBIT
1

272

1   to pay, so far, back to Medicare monies that

2   Medicare has taken back as being unallowable

3   costs, and the hospital has been -- has lost the

4   money, has lost expenses of filing an amended

5   cost report, and now has had to go through the

6   fees of defending a lawsuit for not paying.  So

7   it has adversely affected the hospital's

8   abilities to survive and to work.

9        And it was known at the time -- my

10  opinion, it was known at the time that some of

11  the costs that were put on the cost reports and

12  some of the costs incurred for the facility were

13  not legally entered into.  We've had to pay back

14  monies for CPAs, to lawyers ad nauseam, and to

15  Medicare.

16      Q    So is it your testimony that the money

17  that you've paid to lawyers and CPA were the

18  result of actions by Wade Walters?

19      A    We would not have had to incur the cost

20  of the lawyers' fees had these all -- as many of

21  them had these all been legitimate expenses.  We

22  wouldn't be in this room together, I don't

23  believe.  I wouldn't be here, I hope.

24      Q    And are the expenses that you claim

25  illegitimate the ones you've testified to so far?

524

1    because it did not have sufficient experience in

2    hospital construction?

3         A    I believe that was one of the reasons,

4    yes.

5         Q    What was the other reason, if you can

6    recall?

7         A    I think it was advice of our architect

8    regarding research he had done on that company's

9    performance at that time.

10        Q    That was ProjX at that time?

11        A    At that time, yes.  But to answer your

12   question, I'm not aware of any further

13   construction to finish those patient rooms since

14   that time.

15        Q    If the hospital doesn't get all of the

16   damages that it seeks in this lawsuit, is there a

17   risk that it is going to cease to function?

18        A    There is a -- yes, there is that risk.

19        Q    Does the hospital currently have a

20   payment plan with Medicare for the overpayments?

21        A    We have numerous over -- payment plans

22   for numerous overpayments for those cost reports

23   for. . .

24        Q    Has the hospital attempted to negotiate

25   with Medicare to reduce the amount to be paid

N     15
Mostly Cloudy / 84° F

| Go | Search Picayune Item... |

# Picayune Item

## The voice of Pearl River County since 1904

Children Injuries                          ▷
30 Years of Combined Experience.
Call & Schedule a Free Consultation
          ○   ○

E-mail Us | Subscribe

- Special Sections
- Jobs
- Classifieds
- Facebook

- Home
- News
- Sports
- Opinion
  - Editorials
  - Opinion Columnists
  - Letters to the Editor
- Obituaries
- Lifestyle
  - Engagements
  - Weddings
  - Anniversaries
  - Life Columnists
- Records
  - Crime Reports
  - Courthouse Records
- Services
  - About Us
  - Privacy Policy
  - Submit a classified ad
  - Submit a news tip
  - Submit a photo
  - Engagement announcement
  - Wedding announcement
  - Letters to the Editor
- Subscribe



EXHIBIT
2

Time's almost up. 40% off
Creative Cloud ends May 29.
CS customers, join now for just US$29.99/mo.

Join now

By Staff Report

**Archived Story**

# Hospital sues ex-director, others

Published 12:49am Saturday, November 9, 2013

On Nov. 1, the Pearl River County Hospital filed a lawsuit against 12 defendants that claimed the defendants defrauded the hospital and Medicare and allegedly fraudulently misrepresented the "scope of their work" to the hospital board of trustees.

The complaint was filed against Mike Boleware, former hospital administrator; Wade Walters, Hope Thomley, Performance Accounts Receivable, LLC; Performance Capital Leasing LLC; Wellness Inc.; Kingsbridge Holdings, LLC; Kingsbridge Healthcare Finance; Stepping Stones Healthcare, LLC; ProjX, LLC; PierCon, Inc.; and John Does 1-10. However, John Does 1-10 are not listed in the parties to the suit.

Pearl River County Hospital claims the defendants' actions defrauded the hospital and Medicare, civilly conspired to take over operations of the hospital for the defendants' benefit, fraudulently made misrepresentations to the board of trustees, breached contracts, acted without contract or complying with state bid laws, conversion (defined by Webster's New International Dictionary as "an appropriation of and dealing with the property of another as if it were one's own without right" in legal matters), negligence, breach of fiduciary duty, and declaratory actions.

The lawsuit states that "as a result of the Defendants' manipulation of the Board, the Hospital's name was signed to numerous contracts, most of which were not spread upon the minutes of the Board, and were not approved by the Board and/or attached to the Board's minutes."

Hudson Holliday, former Pearl River County supervisor, said Boleware was hired as hospital administrator in June of 2010 as the hospital was receiving critical access designation, which allowed the hospital to receive 101 percent reimbursement from Medicare and Medicaid.

According to state statute, the hospital's board of trustees operate the facility with "such powers and responsibilities as authorized by Miss. Code…". The trustees in turn are appointed by the county board of supervisors.

Holliday said the hospital's board of trustees was originally comprised of seven board members appointed by the Pearl River County Supervisors representing Districts 1, 2 and 3. Also, tax revenue to support the hospital came only from residents in Districts 1, 2 and 3.

He said after the Board of Supervisors discovered the Board of Trustees' members had close relatives employed at the hospital, the Board of Supervisors by a March, 2012 resolution restructured the Board of Trustees. The

Board of Supervisors asked the seven Board of Trustees members to resign and appointed five new Board of Trustees members.

Holliday said each Board of Trustees member was appointed by the Board of Supervisors to represent all five county districts. Tax revenue to support the hospital also started coming from residents in all five supervisors' districts.

At an August 2010 Board of Supervisors meeting, it was reported in the Aug. 12. 2010 issue of The Poplarville Democrat that Poplarville physician Dr. Wayne E. Grayson, who said that he represented a number of doctors and nurse practitioners who practiced at the Pearl River County Hospital, said they had no input in hospital board decisions that were deciding the future of the facility. When the complaint was made, Boleware was hospital administrator.

At the meeting, the Supervisors voted to direct the hospital board to allow representatives from among those Grayson said he represented to have input into the process at board meetings, and directed board attorney Joe Montgomery to see if it was possible to amend the board by-laws to allow medical staff representation on the board.

Print Article



**FROM AROUND THE WEB**                                    Sponsored Links by Taboola



**Why You Should Color Your Gray at Home**
eSalon



**Learn How One Man Used 5 Stocks To Retire At 42**
Newsmax



**Millennials Are Ditching Delivery for This Dinner Hack**
Eater for Plated



**White House Insider Warns: "The Fed is Making a Huge Mistake"**
Economy & Markets



**Top 10 Cheap All-Inclusive Resorts**
TripCurator



**Read 7 Reasons Why Glasses Should be Bought Online**
GlassesUSA.com

**MORE FROM OUR PARTNERS**

· White House Insider Gives Stock Market Warning (Economy & Markets)

· 9 Common Ponytails And What They Say About You (Minq)

· 9 Most Expensive Clothing Brands (Luxxoiy)

· Blind Mom Goes In For An Ultrasound, See ... (LittleBudha.com)

**WE RECOMMEND**

· Religion Briefs

· Cinema IV being renovated in Picayune

· Man testifies he did not kill his pregnant fiancee

· Local men arrested for drug conspiracy

· Not your mother's Girl Scouts

- Cam Newton was Drafted Before JJ Watt? (ThePostGame)

Promoted Links by Taboola

## · Today's Videos



**More videos:**

   



**UNION BAPTIST**
Kindergarten & Academy
*601-799-2181 • 601-798-8999*

**OPEN
ENROLLMENT**
*3 year olds — 12th Grade*

**ENTER TO LEARN
LEAVE TO ACHIEVE**



**NATHAN S. FARMER**
— *Attorney-At-Law* —

- Estates • Family Law
- Social Security Disability
- Personal Injury
- Real Estate • Wills & Deeds
- General Litigation
- Governmental Law

Post Office Box 1608
120 Goodyear Boulevard Picayune, Mississippi 39466
Tel: 601-749-8745 • Fax: 601-749-7045
email:nsfpa.atty@gmail.com • www.nfarmerlaw.com





## QuickBooks™ Free Trial

America's #1 Accounting Software. Get A Free Trial of QuickBooks™ Now



○  ○  ○



## Editor's Picks

## Affiliated Sites

1. Picayune Item

## Sections

1. Home
2. News
3. Sports
4. Opinion
5. Style
6. Obits
7. Business
8. Classifieds

## Services

1. About Us
2. Subscribe
3. Policies
4. Terms of use
5. Submit a news tip
6. Submit a photo
7. Engagement announcement

8. Wedding announcement

**Copyright**

1. © 2015, Picayune Item
2. Admin

Pharmacy Choice - Pharmaceutical News - Defendants seek response extension [Picayune...   Page 1 of 2

Home   Site Map   About Us   Media Kit   Contact Us   Help

Register Now   Login
My register

# Pharmacy Choice



## Rx Career Center Pharmacy Pulse

- Job News
- Industry News

Click Here

*The leading web portal for pharmacy resources, news, education and careers*

May 11, 2015

| News | Pharmacy Careers | Resources | Education | Business | Marketplace | | SEARCH |

## Pharmacy News Article

### 12/5/13 - Defendants seek response extension [Picayune Item, Miss.]

Dec, 05POPLARVILLE Attorneys for the defendants in a lawsuit with Pearl River County Hospital filed a motion on Nov. 20 requesting an extension on the amount of time in which the defendants must file a response.

The extension allows the defendants and their attorneys an additional 30 days to respond to the complaint filed by the Pearl River County Hospital

The complaint was filed against Mike Boleware, former hospital administrator; Wade Walters, Hope Thornley, Performance Accounts Receivable, LLC; Performance Capital Leasing LLC; Wellness Inc.; Kingsbridge Holdings, LLC; Kingsbridge Healthcare Finance; Stepping Stones Healthcare, LLC; ProjX, LLC; PierCon, Inc.; and John Does 1-10. However, John Does 1-10 are not listed in the parties to the suit.

Pearl River County Hospital claims the defendants' actions defrauded the hospital and Medicare, civilly conspired to takeover operations of the hospital for the defendants' benefit, fraudulently made misrepresentations to the board of trustees, breached contracts, acted without contract or complying with state bid laws, conversion (defined by Webster's New International Dictionary as "an appropriation of and dealing with the property of another as if it were one's own without right" in legal matters), negligence, breach of fiduciary duty, and declaratory actions.

The lawsuit states that "as a result of the Defendants' manipulation of the Board, the Hospital's name was signed to numerous contracts, most of which were not spread upon the minutes of the Board, and were not approved by the Board and/or attached to the Board's minutes."

Copyright 2013 The Picayune Item, All rights reserved, This material may not be published, broadcast, rewritten or redistributed.

(c)2013 the Picayune Item (Picayune, Miss.)

Visit the Picayune Item (Picayune, Miss.) at picayuneitem com

Distributed by MCT Information Services



HCA Pharmacy Opportunities

FindMore
UNIQUE EXPERIENCES

With HCA at West & North Florida and Georgia experience the best of a small community setting without sacrificing stability.

33%

LEARN MORE

### Pharmacy News Index

Drug Delivery Systems
Drugstores
FDA Final Approvals
Front Page Healthcare News
Generic Drugs
Hospital Industry
Internet Pharmacy
IT in Healthcare
Medicare & Medicaid
Over-the-Counter Drugs
Pharm Industry Trends and Policy
Pharmaceutical Development
Pharmaceutical Industry

### LiVE ONLINE CE

May 12: A Patient-Centered Approach to Chronic Pain Management

May 13: Medication Disposal: Implications for Pharmacies

May 14: Efficacy vs. Safety: Treating BPH & Incontinence in the Elderly

May 15: The A to Z on Vitamins & Minerals

May 17: Update on the Treatment for Child Psychiatric Disorders

Click for entire Webinar Calendar

*Special Announcement*



**Free Membership**

Enjoy Drug Search, industry newsletters and more...

**Nursing Jobs**

Are you a nurse looking for a job?

Check out the **Nursing Job Source**.

Your number one choice for nursing jobs.

Websites » RxCareerCenter.com · RxSchool.com · RxProHealth.com · NursingJobSource.com · NurseZone.com · RN.com

| NEWS | CAREERS | RESOURCES | EDUCATION | BUSINESS | MARKETPLACE | MOST POPULAR |
|---|---|---|---|---|---|---|
| Drug Delivery Systems | Pharmacist | Boards of Pharmacy | Certification Courses | Advertising | Drug Manufacturers | Pharmacy Jobs |
| Drugstores | Pharmacy Technician | Drug Databases | Continuing Education | Information | Drug Wholesalers | Continuing |
| FDA Final Approvals | Pharmacy Job Board | FDA Resources | Disease State Management | Consulting | Automation and Robotics | Education |
| Front Page Healthcare News | Jobs Placement Help | Pharmacy Associations | International Pharmacy | Contact Us | Compounding Supplies | FDA Resources |
| Generic Drugs | So you want a job as a | Pharmacy Journals | Schools | Pharmacy Marketing | Medication & Supply | Drug Information |
| Hospital Industry | pharmacist? | Pharmacy Newsletters | Live On-Line CE | | Dispensing Systems | Pharmacy News |
| Internet Pharmacy | Start your career as a | State Associations | Pharmacy CE | | Tablet & Capsule | Disease States |
| IT in Healthcare | pharmacy technician | More... | Pharmacy Schools | | Counters | Pharm Tech |
| Medicare & Medicaid | | | Pharmacy Tech Training | | Wholesalers & | Training |
| Over-the-Counter Drugs | | | | | Distributors | |
| Pharm Industry Trends and | | | | | More | |
| Policy | | | | | | |
| Pharmaceutical Development | | | | | | |
| Pharmaceutical Industry | | | | | | |

Copyright © 2009 Pharmacy Choice - All rights reserved

Terms and Conditions | Privacy Statement

888-682-4415

# Layoffs at Pearl River County hospital

The Clarion-Ledger.   *11:10 a.m. CDT April 12, 2014*

POLARVILLE— Pearl River County Hospital and Nursing Home has eliminated 19 positions and reduced hours for other workers to address financial problems.

The Picayune Item reports hospital administrator Steve Vaughan says in a statement increasing reductions in Medicare and Medicaid reimbursements prompted the action.

Vaughn says the majority of the cut positions were not involved with providing direct patient care.

Hospital Board President Scott Alsobrooks says most of the patients at the hospital and nursing home are Medicare and Medicaid patients.

Board of Supervisors President J. Patrick Lee says the board and administration at the county-owned hospital had two choices, one was to make cuts to operate in the black or shut the doors and everyone would lose.

Lee says the board of supervisors is working closely with the hospital.

Read or Share this story: http://on.thec-l.com/Q1aheO



**MORE STORIES**



**Mover of the week: Rosi Johnson**

(/story/money/business/2015/05/09/mover-week-rosi-johnson/27053115/)
(/story/money/business/2015/05/09/mover-week-rosi-johnson/27053115/)

May 9, 2015, 3:44 p.m.

**Study: Social Security in REALLY bad shape**

(/story/money/personalfinance/2015/05/09/cnbc-social-security/26997679/)



EXHIBIT

3

(/story/money/personalfinance/2015/05/09/end-
social-security/26997679/)

May 9, 2015, 1:02 p.m.



**Corinth Coca-Cola expands
into west Tenn.**

(/story/money/business/2015/05/08/corinth-
coca-cola-
expands-west-
tenn/27018263/)
(/story/money/business/2015/05/08/corinth-coca-
cola-expands-west-tenn/27018263/)

May 8, 2015, 7:52 p.m.

## Wrongful Death Lawyer

andrewburrell.com/Wrongful-DeathLaw

30 Years of Combined Experience. Call & Schedule a Free Consultation

STATE OF MISSISSIPPI
COUNTY OF LAMAR

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid County and State, **JOSEPH R. TULLOS**, who being first duly sworn, on oath deposes and says that he is an attorney for **PIERCON, INC.**, Party in the above entitled action; that he has read the foregoing Motion to Transfer Venue for Purposes of Trial and he has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice existing in the public mind, or for some other sufficient cause to be stated in the motion, Piercon, Inc. cannot obtain a fair and impartial trial in the county where the action is pending, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial or to vex or harass the adverse party. Piercon, Inc. reserves the right to make any changes in the Motion if it appears at any time that omissions or errors have been made therein or that more accurate information is available.

THIS the 11th day of ___May___, 2015.

_____
PIERCON, INC., by
JOSEPH R. TULLOS, Its Attorney

SWORN TO AND SUBSCRIBED BEFORE ME, this the 11th day of ___May___, A.D., 2015.

_____
NOTARY PUBLIC

My Commission Expires:



(SEAL)

444641

EXHIBIT
4