UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
ex. rel. MITCHELL D. MONSOUR and
WALTON STEPHEN VAUGHAN                                                PLAINTIFFS

VS.                                                                                    CAUSE NO. 1:16CV38HSO-JCG

PERFORMANCE ACCOUNTS RECEIVABLE, LLC,
PERFORMANCE CAPITAL LEASING, LLC,
STEPPING STONES HEALTHCARE, LLC,
WADE WALTERS, CLAYTON V. DEARDORFF,
MIKE BOLEWARE, HOPE THOMLEY,
DENNIS L. PIERCE, and PIERCON, INC.                                   DEFENDANTS

## DEFENDANT HOPE THOMLEY'S MOTION TO STAY

COMES NOW, Defendant, Hope Thomley, by and through counsel, and moves this Court for an order staying this matter as to Defendant Hope Thomley and in support of her Motion would show as follows:

1.

On May 15, 2018, Defendant Hope Thomley was indicted under seal in the U.S. District Court for the Southern District of Mississippi, Eastern (Hattiesburg) Division, on 23 counts of alleged criminal conduct including allegations of Medicare fraud including "kickbacks", bribes and money laundering in *U.S. v. Thomley, Cause No. 2:18-cr-00018-KS-MTP-1 in the U.S. District Court for the Southern District of Mississippi, Eastern Division*. The indictment was unsealed on June 25, 2018, and she was arraigned on June 26, 2018. The matter is currently set for trial January 8, 2019.

2.

Defendant Hope Thomley has retained criminal defense counsel, Michael Reed Esq. Mr. Reed has advised Defendant Hope Thomley not to testify in this civil matter due to any similarity between the federal criminal indictment and the case at bar. Defendant Hope Thomley intends to follow the advice of her criminal defense attorney and to assert her Fifth Amendment privilege in testimony in the civil matter at bar.

3.

Case law supports the proposition that a related civil trial should be stayed pending the completion of the criminal matter. *See SEC v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 668 (5th Cir. 1981) (District Court may stay a civil proceeding during pendency of a parallel criminal proceeding, contemplating "special circumstances" and the need to avoid "substantial and irreparable prejudice"); *Golden Quality Ice Cream Company, Inc. v. Deerfield Specialty Papers, Inc., et al.*, 87 F.R.D. 53 (E.D. Pa. 1980) (allowing limited discovery and then suspend proceedings as a time for the criminal trial draws near); *Dienstag v. Bronson*, 49 F.R.D. 327 (S.D. NY 1970) (further discovery of defendants in civil action would be stayed pending termination of criminal action); *Paul Harrigan & Sons v. Enterprise Animal Oil Company*, 14 F.R.D. 333 (E.D. Pa 1953) (civil action will be stayed until termination of criminal action); and *National Discount Corp. v. Holzbaugh*, 13 F.R.D. 236 (E.D. Mich. 1952) (defendant's deposition stayed pending criminal matters).

4.

Irreparable prejudice would occur if this civil action were to continue with the criminal action still pending against Defendant Hope Thomley. If she testifies at the trial of this matter, Defendant Hope Thomley could unknowingly jeopardize her very liberty. If she does not testify

at the trial of this matter, instead pleading her Fifth Amendment rights, the adverse inference to the civil jury would be of wrongdoing and she would not be able to defend herself herein.

5.

The civil litigation in the above-referenced matter and the current federal criminal investigation may represent parallel proceedings. The civil action in the case at bar involves allegations of Medicare fraud. Defendant Hope Thomley cannot yet be certain of the full criminal case being developed by the U.S. Attorney against her but has learned via indictment and initial discovery disclosures that the investigation involves healthcare fraud and Medicare fraud. The facts and circumstances are potentially the same. Undersigned counsel knows that both the civil action and the federal criminal action involve healthcare, Medicare and charges of fraud. Due to the existence of parallel civil and criminal proceedings, it is appropriate, necessary and prudent for this Court to stay civil litigation against Defendant Hope Thomley at this time and to protect her constitutional rights. Plaintiffs will not be prejudiced and can proceed with the civil litigation herein subsequent to a resolution of the criminal proceedings.

6.

The interests of Defendant Hope Thomley outweigh any interests of Plaintiffs with regard to this request. This Court's obligation to protect Thomley's constitutional rights and her defense of her liberty outweighs any delay Plaintiffs may incur by staying the current civil proceeding as to Defendant Hope Thomley. In fact, the interests of all parties will be better served by a stay; Plaintiffs will be better able to conduct discovery of Thomley, who is currently asserting her Fifth Amendment right, by waiting until after the criminal proceeding is concluded.

WHEREFORE, PREMISES CONSIDERED, Defendant Hope Thomley moves this Court to enter an order staying litigation, including any responsive pleadings, in the above-referenced matter as to her until such time as an ultimate disposition has been reached in the related criminal matter against her.

Respectfully submitted, this the 19th day of October, 2018.

HOPE THOMLEY, DEFENDANT

*/s/ Carol Ann Bustin*
By: Carol Ann Bustin, Her Attorney

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for Defendant HOPE THOMLEY, do hereby certify that I have this date electronically filed the above and foregoing document via the CM/ECF filing system, which will send notification of said filing to all counsel of record.

This the 19th day of October, 2018.

*/s/ Carol Ann Bustin*
Carol Ann Bustin

Carol Ann Bustin
MS Bar No. 9074
Bustin Law Firm
22 98Place Blvd. Suite 70
Hattiesburg, MS  39402
601-268-6551  phone