UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA,
ex. rel. MITCHELL D. MONSOUR and
WALTON STEPHEN VAUGHAN (Relators)                    **PLAINTIFFS**

V.                                        Civil Action No. 1:16cv38-HSO-JCG

PERFORMANCE ACCOUNTS RECEIVABLE, LLC, et al.       **DEFENDANTS**


<u>**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS/RELATORS' MOTION
TO REOPEN CASE AND TO LIFT STAY**</u>

This case has been stayed for twenty-six (26) months.

The sole ground or rationale for the stay has become entirely moot, with the

conviction by guilty plea of Defendant Hope Thomley of all criminal charges against her,

and her final sentence of incarceration pursuant to that plea. To the extent that the same

ground also applied to Defendant Wade Walters as to criminal charges against him, that

ground and rationale is also now entirely moot, with Walters also having been convicted

pursuant to his guilty plea as to two different conspiracies incorporating all such criminal

activities, and the sentencing of Walters having been completed as of January 15, 2021, as

also evidenced by the exhibits to the Motion to Reopen and Lift Stay filed herewith. The

criminal exposure and criminal liability of both such persons have been finally

discharged.

1

Even in instances in which a criminal investigation or charge is pending against a civil defendant, any such civil defendant seeking any stay of any civil litigation on any such ground "has a heavy burden of showing a stay is warranted." *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). "In a civil case, there is a strong presumption in favor of discovery, and the (movant) must overcome the presumption in its request for a stay." *United States v. Gieger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D.Miss. 1997). Any "stay (of) a civil proceeding during the pendency of a parallel criminal proceeding . . . contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 113, 136 (5th Cir. 1983). "(P)rompt investigation and enforcement *both civilly and criminally* (are) sometimes necessary in order to protect the public interest and . . . deferring or foregoing *either* civil or criminal prosecutions could jeopardize that interest." *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 667 (5th Cir. 1981)(emphasis added).

Within the Fifth Circuit the following factors are relevant in determining whether the required "special circumstances" exist to overcome the presumption against stays of civil proceedings in deference to parallel criminal proceedings: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants;

2

(5) the interests of the courts; and (6) the public interest." *SEC v. Amerifirst Funding, Inc.*, 2008 U.S.Dist. LEXIS 21229, at *6-7 (N.D. Tex. 2008), quoting *Heller Healthcare Fin., Inc. v. Boyes*, 2992 U.S.Dist. LEXIS 12743, *2 (N.D. Tex. 2002). *See also Edwards Family P'ship , LP v. Dickson*, 2014 U.S.Dist. LEXIS 126422 (S.D.Miss. 2014), and *U. S. ex rel. Magee v. Lockheed Martin Corp.*, 2010 U.S. Dist. LEXIS 84082, 2010 WL 2816658 (S.D.Miss. 2010).

None of those governing factors counts now in favor of continuing the stay of this proceeding. Indeed, the Plaintiffs/Relators have a compelling interest, arising out of their federal statutory authority as Relators in a False Claims Act case,  to litigate promptly the pending False Claims Act allegations in the interests not only of themselves but also of the United States and thus the public generally. 31 U.S.C. § 3730(c)(3).   All present and putative Defendants have an interest in prompt judicial consideration and adjudication of all such issues. Finally, "the public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases." *McCoy v. Yazoo City*, 2014 U.S.Dist. LEXIS 177646 (S.D.Miss. 2014), citing *Magee, supra*, at *8.  See also *Wilemon Found., Inc. v. Wilemon*, 020 U.S.Dist. LEXIS 197191; 2020 WL 6220808 (N.D.Miss. 2020) and Duncan v. Banks, 2017 U.S.Dist. LEXIS 176350; 2017 WL 4805111 (W.D.Tex. 2017).

The pending Motion should be granted.

This the 19th of January, 2021.

MITCHELL D. MONSOUR
and STEPHEN VAUGHAN

3

By their Attorney,

s/Brad Pigott
J. Brad Pigott, Mississippi Bar No. 4350

J. Brad Pigott
PIGOTT LAW FIRM, P.A.
775 North Congress Street
Jackson, Mississippi 39202
Email: bpigott@pjlawyers.com

## Certificate of Service

This is to certify that I have this day, January 18, 2021, caused the foregoing Memorandum to be served electronically on counsel for all parties in this proceeding, through electronic filing through the ECF process of the District Clerk of the Court herein.

_s/Brad Pigott_____
J. Brad Pigott