UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
ex. rel. MITCHELL D. MONSOUR and
WALTON STEPHEN VAUGHAN (Relators)                     PLAINTIFFS

V.                                                    Civil Action No. 1:16cv38HSO-JCG

PERFORMANCE ACCOUNTS RECEIVABLE, LLC, et al.          DEFENDANTS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION
TO WITHDRAW AS COUNSEL
FOR PERFORMANCE ACCOUNTS RECEIVABLE LLC, PERFORMANCE
CAPITAL LEADING LLC, AND WADE WALTERS**

In opposition to the Motion to Withdraw filed herein (as Docket No. 137) on February 4, 2021, by Counsel for Performance Accounts Receivable LLC, Performance Capital Leading LLC, and Wade Walters, the Plaintiffs/Relators in this action offer through their own counsel this response.

Any attorney who enters any appearance as counsel on behalf of any party in this Court "may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *English v. Perdue*, 777 Fed. Appx. 94, 100, note 1 (5th Cir. 2019), quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).

The District's Uniform Local Rule 83.1(b)(3) provides similarly, as follows:

> When an attorney enters an appearance in a civil action, he or she must remain as counsel of record until released by formal order of the court. An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all

1

parties, including the client and presented to the judicial officer to whom the case is assigned together with a proposed order authorizing counsel's withdrawal.

Rule 1.16(b) of the Mississippi Rules of Professional Conduct governing attorney representation of litigants provides, in relevant part, that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without materially adverse effect on the interest of the client," or if "good cause for withdrawal exists."

In applying these legal requirements to any particular motion by counsel to withdraw, the "Court requires more than a skeleton Motion with bare conclusions of lack of prejudice. Counsel must provide facts supporting a finding of good cause." *Caballero v. BP Exporation & Prod.*, 2020 U.S. Dist. LEXIS 17435 *4 (S.D.Miss. 2020).

The Motion to Withdraw filed in this action by the McCard law firm fails all of the tests imposed by all of the legal authorities cited above, and should therefore be denied.

It provides no evidence or representation that any of the firm's three clients in this action have received notice of, or consent to, the firm's effort to withdraw.

When it declares summarily that "(n)o prejudice will result from McHard's withdrawal," it offers no argument - much less evidence - in support of that bare conclusion.

The Motion similarly fails to offer any argument or evidence of any "good cause" required by all quoted authorities.

What inferences can reasonably be drawn from the vague conclusions contained in the Motion to Withdraw would justify a denial of, and not a granting of, the Motion.

2

Granting the Motion would clearly leave two limited liability companies, both of which have been represented in this action since 2017 by the McHard law firm, without any capacity to be heard with respect to their interests herein. "It has been the law for the better part of two centuries" that "a corporation may appear in the federal courts only through licensed counsel," and "(a)s the courts have recognized, the rationale for that rule applies equally to all artificial entities," clearly including limited liability companies. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). See also *Memon v. Allied Domec QSR*, 385 F.3d 871, 873 (5th Cir. 2004). No suggestion is made in support of the current Motion that either of the two Defendant limited liability companies intend to hire, or have the resources to engage and hire, any other law firm to defend the interests of those entities. The Motion itself therefore demonstrates the serious prejudice to the two Defendant liability companies of granting the withdrawal sought by the McHard firm.

Nor is any representation made that Defendant Wade Walters, also represented by the McHard firm herein since 2017, has located any substitute counsel to represent him in this proceeding. Indeed, from the vague conclusion offered by the Motion that "Walters is without the resources to pay attorney's fees to defend this qui tam suit" it can be inferred that no attorney will be substituted to defend Walters herein. Paragraph 3 of the Motion, in affirming that the same Wade Walters has recently been "taken to prison to begin serving" an "18-year" prison sentence, demonstrates that even if Walters were aware of

the pending Motion (of which there is no evidence or representation), and even if he wished to represent himself (of which there also is no evidence or representation), he could not, while incarcerated, reliably receive notices of the electronic filings in this case or otherwise represent himself effectively *pro se.*

If the Motion to Withdraw were granted, it is also clear from the Motion itself that the Plaintiffs/Relators in this False Claims Act litigation would be prejudiced in their ability to obtain discovery, through the Court's discovery process, of facts and documents available only to the McHard law firm's clients. This case is indeed a prime example of "how withdrawal of counsel can delay the administration of justice and cause inefficient use of the Court's resources." *Caballero, supra*, at *2.

The Court in *United States v. Wade Walters*, 2:20-cr-26-KS-MTP, found that Defendant Wade Walters, "from his commission of the healthcare fraud offense" for which he was convicted, derived "gross proceeds" in the amount of "$56,565,963." (Motion to Withdraw, Exhibit 2, Docket No. 137-2). The McHard law firm, which also represented Walters for years in that criminal proceeding, has undoubtedly been compensated very substantially for its work in both that proceeding and this one (and no doubt has entirely earned all such ample compensation). As to the very general assertion in the Motion to Withdraw that Walters is now economically "insolvent" relative to his criminal restitution obligation, the Court would not be justified from that bare assertion to conclude that Walters no longer has any funds with which to continue to compensate his

attorneys in this case. If there is any actual reason for concern that the McHard law firm is at risk of not fully being compensated for its remaining work in this case, the Plaintiffs/Relators will consent to any appearance of any attorney in that firm by telephone at any depositions to be taken herein, rather than to require travel to or live appearances at any such deposition.

The undersigned counsel looks forward to responding to what further questions the Court may have about the pending Motion to Withdraw at the resumed telephonic conference herein.[1]

This the 1st day of March, 2021.

                                            Respectfully submitted,
                                            MITCHELL D. MONSOUR, et al.
                                            By their Attorney,

                                            S/Brad Pigott
                                            J. Brad Pigott, Mississippi Bar No. 4350

J. Brad Pigott
PIGOTT LAW FIRM, P.A.
775 North Congress Street
Jackson, Mississippi 39202
Email: bpigott@pjlawyers.com

---

[1] As to the necessity of postponing the earlier telephonic hearing scheduled by the Court herein for February 24, 2021, Exhibit 1 hereto reflects the electronic communication to all counsel herein, at 4:05pm Central Standard Time on Monday, February 22, 2021, of an electronic invitation to all counsel to participate in that scheduled telephonic hearing, and of instructions as to how to participate.

## Certificate of Service

I hereby certify that I have this day caused service of the foregoing Response to be made on all counsel of record herein through an electronic filing hereof with the Clerk of this Court through its ECF electronic filing system.

This the 1st day of March, 2021.

                                                                  _w/Brad Pigott_
                                                                    J. Brad Pigott