IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
*ex rel.* MITCHELL D. MONSOUR
and WALTON STEPHEN VAUGHN   PLAINTIFFS

v.   CIVIL CASE 1:16-CV-00038-HSO-JCG

PERFORMANCE ACCOUNTS
RECEIVABLE, LLC, *et al.*   DEFENDANTS

### ORDER DENYING DEFENDANT WATKINS WARD & STAFFORD PLLC'S MOTION TO STAY PROCEEDINGS.

BEFORE THE COURT is Defendant Watkins Ward & Stafford, PLLC's ("Defendant") [175] Motion to Stay Proceedings, which seeks a stay pending the Court's ruling on its Motion [172] to Dismiss on grounds that the "potential to avoid substantial time, effort and cost associated with discovery" warrants staying the case. Mem. in Supp. of Mot. to Stay [176] at 1. Plaintiff United States of America, *ex rel.* Mitchell D. Monsour and Walton Stephen Vaughn (collectively "Plaintiffs"), have responded in opposition, arguing that the possibility that "staying discovery *might* avoid expense if the motion is granted" does not equal good cause. *Id.* at 3 (emphasis in original). Pl.'s Resp. in Opp'n [179] at 3.

The Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Shaffer, Trustee for Estate of Hall v. Federal Insurance Company*, No. 3:19-cv-930, 2020 WL 4677401 at *2 (S.D. Miss. 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The decision

1

whether to stay discovery until the resolution of preliminary questions that may dispose of the case falls within the broad discretion and inherent power of the trial court. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). However, the mere fact a Rule 12(b)(6) motion has been filed does not necessitate a stay of discovery pending a ruling. *See Knoth v. Southwest Miss. Reg'l Med. Ctr.*, No. 5:18-cv-00049, 2019 WL 6110056 at 1* (S.D. Miss. 2019).

Although this Court's Local Rules provide for a stay of discovery on a motion to dismiss asserting immunity or a jurisdictional defense, there is no mention of a discovery stay upon the filing of a Rule 12(b)(6) motion for failure to state a claim. L. U. Civ. R. 16(b)(3)(B). Rather, Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish "good cause" under Rule 26(c), "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 n.16 (1981) (quoting 8 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2035, at 265).

The Court finds that Defendant's general and conclusory statement that "staying discovery might avoid expense if the motion is granted" is not sufficient to establish good cause to stay discovery in this case. Additionally, this case is more than five years old and was previously stayed for 31 months pending the resolution of criminal proceedings against certain Defendants. *See* Order [117], [149]. Under these circumstances, the Court finds that granting a stay would not promote

judicial efficiency for the Court, for counsel, or for the litigants, and that Defendant's Motion to Stay should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Watkins Ward & Stafford, PLLC's [175] Motion to Stay Proceedings is **DENIED**.

**SO ORDERED**, this the 29th day of September, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE